UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | |
|---|---|
| M. BRANDON ADAMS, #379294, | ) ) ) |
| Petitioner, | ) ) |
| v. | ) ) |
| KEVIN GENOVESE, Warden, | ) ) |
| Respondent. | ) ) |

No. 1:17-cv-00098
CHIEF JUDGE CRENSHAW

**MEMORANDUM OPINION**

The pro se Petitioner is a state inmate housed at the Turney Center Industrial Prison in Only, Tennessee, serving an eighteen year term of imprisonment in the Tennessee Department of Correction (TDOC) arising from his 2004 conviction and sentence for aggravated child abuse. He challenges the TDOC decision not to declare him eligible for parole and the Tennessee Board of Parole (TBOP) refusal to send his application for sentence commutation to the Governor of Tennessee. He seeks a federal writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. No. 1).

**I.  Introduction**

On July 29, 2004, in the Sumner County Criminal Court, the Petitioner pled guilty to a charge of aggravated child abuse with an agreed sentence of eighteen years to be served at one hundred percent. Adams v. State, No. M2007-00396-CCA-R3-PC, 2008 WL 544605, at *1 (Tenn. Crim. App. Feb. 1, 2008); (Doc. No. 9, Attach. 1).

On March 28, 2005, the Petitioner filed a petition for post-conviction relief, which was denied. (Id. at **1, 3). The Tennessee Court of Criminal Appeals affirmed the denial of the post-conviction petition. (Id. at *6). The Tennessee Supreme Court denied permission to appeal. (Doc.

No. 9, Attach. 2).

The Petitioner then filed a petition for a writ of habeas corpus in state court alleging, among other things, that he had been denied the effective assistance of counsel. Adams v. Barbee, No. W2012-02074-CCA-R3-HC, 2013 WL 12182605, at *1 (Tenn. Crim. App. Aug. 16, 2013); (Doc. No. 9, Attach. 3). The post-conviction court denied the petition and the Court of Criminal Appeals affirmed. (Id.)

The Petitioner subsequently filed several state actions. First, the petitioner moved to reopen his state post-conviction proceedings, followed by a second motion to reopen. (Doc. No. 9, Attach 4). Both petitions were denied. (Id.) With regard to the denial of the second motion, the Petitioner sought permission to appeal to the Tennessee Court of Criminal Appeals, but his request was denied by order entered on July 1, 2013. (Id.)

The Petitioner filed a second petition for writ of habeas corpus on October 8, 2013. (Doc. No. 9, Attach. 5) The trial court dismissed the petition by order entered on January 15, 2014. (Id.) On August 11, 2014, the Tennessee Court of Criminal Appeals affirmed the denial of the habeas corpus petition. Adams v. Qualls, No. M2014-00174-CCA-R3-HC, 2014 WL 3895993, at *1 (Tenn. Crim. App. Aug. 11, 2014); (Doc. No. 9, Attach. 6).

The Petitioner also filed a motion to correct an illegal sentence, which the state court denied by order entered on May 19, 2014. Adams v. State, No. M2014-01025-CCA-R3-CD, 2014 WL 7177943, at *1-2 (Tenn. Crim. App. Dec. 17, 2014);(Doc. No. 9-7). The Tennessee Court of Criminal Appeals affirmed the denial of the motion on December 17, 2014. Id.

While the Petitioner's second habeas corpus petition and the motion to correct an illegal sentence were being litigated in state court, the Petitioner sought parole. On March 14, 2014, TDOC

denied the Petitioner's petition for a declaratory order regarding TDOC's determination not to designate him as eligible for parole consideration. (Doc. No. 9, Attach. 9, PageID#60).

On April 22, 2014, the Petitioner submitted to prison officials for mailing to this Court a petition for writ of habeas corpus under 28 U.S.C. § 2254. Adams v. Holloway, No. 3:14-cv-01055, 2015 WL 1275437 (M.D. Tenn. Mar. 19, 2015);(Doc. No. 9, Attach. 8). By order entered on March 19, 2015, this Court dismissed the petition as untimely. (Id.)

On April 24, 2014, the Petitioner filed a petition for declaratory judgment in Davidson County Circuit Court, challenging TDOC's determination that he was ineligible for parole. (Doc. No. 9, Attach. 14). On July 11, 2014, the court dismissed the petition for failure to pay outstanding court fees, as required by the Tennessee Prison Litigation Reform Act ("TPLRA"), Tennessee Code Annotated § 41-21-812. (Doc. No. 9, Attach. 17).

After the Court dismissed his federal habeas corpus petition, the Petitioner then filed an identical, second petition for declaratory judgment in Davidson County Circuit Court, on July 17, 2015, challenging TDOC's determination that he is ineligible for parole. (Doc. No. 9, Attach. 9). On December 11, 2015, the court also dismissed that petition for failure to pay court fees, as required by the TPLRA. (Doc. No. 9, Attach. 11). The Petitioner then sought appellate relief in the Tennessee Court of Appeals, but his appeal was dismissed on March 2, 2016, for the same reason. (Doc. No. 9, Attach. 13). The Petitioner did not file an application for permission to appeal to the Tennessee Supreme Court.

At some point in 2014, the Petitioner submitted an application for sentence commutation, which was accepted by TBOP on October 7, 2014. (Doc. No. 1, PageID#5). TBOP denied the clemency application on January 6, 2015. (Id.) On February 5, 2016, the Petitioner filed a petition

for writ of certiorari in Davidson County Circuit Court, challenging the denial of his clemency application. (Doc. No. 9, Attach. 18). On May 12, 2016, the court dismissed the petition for failure to file in the correct court and for failure to pay outstanding court fees. (Doc. No. 9, Attach. 21).

On November 9, 2017, the Petitioner filed the instant petition for writ of habeas corpus under 28 U.S.C. § 2241, challenging the denial of his request for parole and consideration of his application for clemency. (Doc. No. 1). By Order entered on December 29, 2017, the Court directed Respondent to file an answer, plead, or otherwise respond to the petition in conformance with Rule 5, Rules Gov'g § 2254 Cases. (Doc. No. 5). In response, the Respondent filed an answer urging the Court to dismiss the petition (Doc. No. 10), to which the Petitioner has not responded.

## II. Standard of Review

The Petitioner seeks relief pursuant to 28 U.S.C. § 2241, which provides in pertinent part that "[t]he writ of habeas corpus shall not extend to a prisoner unless . . . He is in custody in violation of the Constitution or laws or treaties of the United States." § 2241(c)(3). The Rules Governing 2254 Cases ("Habeas Rules") apply to habeas petitions under 28 U.S.C. § 2241. See Williams v. Holloway, No. 2:14-cv-02652-STA-tmp, 2016 WL 1058017, at *4 n.2 (W.D. Tenn. Mar. 14. 2016).

Under 28 U.S.C. § 2241(c)(3), a writ of habeas corpus extends to a prisoner "in custody in violation of the Constitution or laws or treatises of the Unites States[.]" A petition for a writ pursuant to 28 U.S.C. § 2241 generally arises from "a challenge to the manner in which a sentence is executed, rather than the validity of the sentence itself." Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998) (citing United States v. Jalili, 925 F.2d 889, 893 (6th Cir. 1991)). The authority to implement a federal sentence of imprisonment lies with the Attorney General through the Bureau of Prisons. United States v. Wilson, 503 U.S. 329, 331, 112 S. Ct. 1351, 117 L.Ed. 2d 593 (1992).

4

Under § 2241, however, the district court may grant relief to a petitioner challenging the computation of his sentence. Foster v. Zych, No. 2:09-CV-13661, 2009 WL 3631013, at *2 (E.D. Mich. Oct. 30, 2009) (citing Wilson, 503 U.S. at 335 and McClain v. Bureau of Prisons, 9 F.3d 503, 505 (6th Cir.1993)).

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), 28 U.S.C. §§ 2244, et seq., prisoners have one year within which to file a petition for habeas corpus relief which runs from the latest of four circumstances:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Pursuant to the AEDPA, a one year statute of limitations applies to petitions for writs of habeas corpus filed pursuant to 28 U.S.C. § 2241. Rittenberry v. Morgan, 468 F.3d 331, 336-37 (6th Cir. 2006)(§ 2254 requirements also apply to § 2241 petitions); See Brian R. Means, Federal Habeas Manual § 9A:2 (May 2017)(citing cases that so hold).

The AEDPA's one-year limitations period is tolled by the amount of time that "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending . . . ." 28 U.S.C. § 2244(d)(2); see Ege v. Yukins, 485 F.3d 364, 371

(6th Cir. 2007). However, any lapse of time before a state application is properly filed is counted against the one-year limitations period. See Bennett v. Artuz, 199 F.3d 116, 122 (2nd Cir. 1999), aff'd, 531 U.S. 4 (2000). When the state collateral proceeding that tolled the one-year limitations period concludes, the limitations period begins to run again at the point where it was tolled rather than beginning anew. See Allen v. Yukins, 366 F.3d 396, 401 (6th Cir. 2004)(citing McClendon v. Sherman, 329 F.3d 490, 494 (6th Cir. 2003)). An untimely habeas petition may be dismissed pursuant to Rules 5(b) and 8(a) of the Rules Governing Section 2254 Cases. R. 5(b), 8(a), Rules Gov'g § 2254 Cases.

### III. Analysis

First, the Respondent urges the Court to dismiss the petition as untimely filed in violation of the one-year statute of limitations set forth by the AEDPA. (Doc. No. 10 at 5-8). The Petitioner has not responded to the Respondent's answer, nor does he address the untimeliness of his petition in the petition itself.

Here, the Petitioner's claims concern parole and clemency. In this context, the one-year statute of limitations commences on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D); see Hill v. Qualls, No. 3:13-cv-00099, 2013 WL 1666740, at *3 (M.D. Tenn. Apr. 13, 2013)(finding that, in assessing a habeas petition challenging a sentence expiration date, "the only possible provision that applies . . . is § 2244(d)(1)(D)."). The question is, what are the dates on which the Petitioner should have discovered the factual predicate of his claims with reasonable diligence? At the latest, the factual predicate of each of the Petitioner's claims arose at "the conclusion of state judicial review of the parole denial" or clemency denial. Brooks v. Eppinger, No.

17-3050, 2017 WL 3136150, at *2 (6th Cir. June 20, 2017) (quoting Ali v. Tenn. Bd. of Pardon and Paroles, 431 F.3d 896, 898 (6th Cir. 2006)).

TDOC denied the Petitioner's request for a declaratory order regarding parole on March 14, 2014. Under Tennessee's Uniform Administrative Procedures Act ("TUAPA"), the Petitioner had sixty days to appeal that decision by filing a petition for judicial review in Davidson County Chancery Court. Tenn. Code Ann. § 4-5-322(b)(1)(A). The Petitioner filed his first petition for judicial review on April 24, 2014 (Doc. No. 9, Attach. 9) in the Davidson County Circuit Court,[1] which the court dismissed on July 11, 2014 (Doc. No. 9, Attach. 11). Even if this petition had been "properly filed" under state law and the statute of limitations for the parole claim began to run at the conclusion of this judicial review, the time would have commenced on August 11, 2014, when the thirty-day period for filing a notice of appeal expired. See Tenn. R. App. P. 3(a), 4(a).

Under 28 U.S.C. § 2244(d)(2), any other properly filed application for collateral review also operates to toll the statute of limitations. When the filing period for a notice of appeal (of the court's denial of the Petitioner's petition for judicial review) expired on August 11, 2014, the Petitioner also had several other actions pending in state court. The denial of his second petition for writ of habeas corpus was affirmed by the Court of Criminal Appeals on August 11, 2014. (Doc. No. 9, Attach. 6). The trial court did not deny his motion to correct an illegal sentence until May 19, 2014, and the state appellate court process did not conclude until December 17, 2014. (Doc. No. 9, Attach. 7). With regard to the latter motion, the Petitioner then had sixty days to seek discretionary review in the Tennessee Supreme Court. See Tenn. R. App. P. 11(b).

Assuming for purposes of this review that those pending actions constituted properly filed

---

[1] The court dismissed the petition because the Petitioner filed it in the wrong court and failed to comply with the prerequisites of the TPLRA. (Doc. No. 9, Attach. 9 and 11).

7

applications for collateral review, see Wall v. Kholi, 562 U.S. 545, 560 (2011) (broadly defining collateral review as "judicial review that occurs in a proceeding outside of the direct review process"), the statute of limitations for the Petitioner's parole claim would have been tolled until February 16, 2015, after the expiration of the time for seeking review of the denial of his motion to correct an illegal sentence in the Tennessee Supreme Court.

The statute of limitations resumed the next day, on February 17, 2015. Affording the Petitioner the greatest benefit of the doubt, the shortest length of time that the limitations period could have run was 132 days, until June 29, 2015, when the Petitioner submitted for mailing his second petition for declaratory judgment regarding the denial of parole eligibility. (See Doc. No. 9, Attach. 9, PageID #58). The Tennessee Court of Appeals dismissed the Petitioner's appeal from the dismissal of that petition for declaratory relief on March 2, 2016.[2] (Doc. No. 9, Attach. 13). If that filing operated to toll the statute of limitations, the tolling continued until sixty days later on May 2, 2016, during which time the Petitioner could have filed but did not file an application for permission to appeal with the Tennessee Supreme Court. See Tenn. R. App. P. 11(b). The one-year statute of limitations re-commenced on the following day, May 3, 2016.

At that time, however, the Petitioner also had another action pending. According to the petition, on December 4, 2015, the Petitioner received notice from TBOP that his application for commutation had been considered and denied. (Doc. No. 1, PageID #5). The Petitioner filed a petition for writ of certiorari on February 5, 2016, challenging the denial of his application for commutation. (Doc. No. 9, Attach. 18). Even assuming for purposes of this review that the petition for writ of certiorari functioned to toll the statute of limitations on the Petitioner's parole claim and

---

[2]The court denied the second petition for declaratory judgment for the same reasons as the first petition as well as on res judicata grounds.

to delay the commencement of the statute of limitations on his clemency claim, the period for judicial review of the clemency claim ended on June 13, 2016, when the period for seeking review in the Court of Appeals expired–thirty days after the petition was dismissed on May 12, 2016, see Tenn. R. App. P. 3(a), 4(a)–after which the Petitioner had, at most, 233 days remaining on the statute of limitations as to the parole eligibility decision and one year as to the commutation decision.

The Petitioner did not file the instant pro se petition for writ of habeas corpus under Section 2241 until November 9, 2017. His petition, therefore, was filed over a year beyond the expiration of the one-year statute of limitations for both the parole and clemency claims. (Doc. No. 1, PageID #1). Accordingly, the Court finds that the petition should be dismissed as untimely because it was not filed within the one-year statute of limitations for either of the Petitioner's claims.

However, the one-year statute of limitations in AEDPA is not jurisdictional and is subject to equitable tolling. See Holland v. Florida, 560 U.S. 631, 130 S. Ct. 2549, 177 L.Ed.2d 130 (2010). The doctrine of equitable tolling is used sparingly and is typically applied "only when a litigant's failure to meet a legally mandated deadline unavoidably arose from circumstances beyond that litigant's control." Jurado v. Burt, 337 F.3d 638, 642 (6th Cir. 2003) (citing Graham–Humphreys v. Memphis Brooks Museum of Art, 209 F.3d 552, 560–61 (6th Cir. 2000)). The petitioner bears the burden of showing that he is entitled to equitable tolling. McClendon v. Sherman, 329 F.3d 490, 494 (6th Cir. 2003). See also Lawrence v. Florida, 549 U.S. 327, 336, 127 S. Ct. 1079, 166 L.Ed.2d 924 (2007) (assuming without deciding that equitable tolling is available under § 2244(d), and holding that such tolling is warranted only where the petitioner shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" and prevented timely filing (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S. Ct. 1807, 161 L.Ed.2d 669

(2005))). The Petitioner here has not presented any basis for concluding that equitable tolling applies. Accordingly, the Court finds that Adams's present petition is barred by the statute of limitations established by 28 U.S.C. §§ 2244(d)(1)(D) and may not be considered on the merits by this court.

Even if the petition had been timely filed, however, each of the Petitioner's grounds for relief are unexhausted. An incarcerated state petitioner may use 28 U.S.C. § 2241 to challenge the execution of a sentence, the manner in which a sentence is being served, or claims generally pertaining to the computation of parole or sentencing credits. Ali, 431 F.3d at 896. However, petitioners must first exhaust their administrative remedies prior to filing a Section 2241 petition. See Little v. Hopkins, 638 F.2d 953, 953-54 (6th Cir. 1981). The exhaustion requirement applies to a habeas corpus petition challenging the denial of parole. See Hinds v. Tenn., 888 F. Supp. 854, 857-58 (W.D. Tenn. 1995).

"Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts, [the Supreme Court] conclude[s] that state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). If a habeas corpus petitioner fails to present a federal claim to the state courts and if no state court remedy remains, then the claim is considered exhausted but procedurally defaulted. Gray v. Netherland, 518 U.S. 152, 161-62 (1996); Landrum v. Mitchell, 625 F.3d 905, 918 (6th Cir. 2010).

A claim is also procedurally defaulted when "a state procedural rule . . . prevent[ed] the state courts from reaching the merits of the petitioner's claim." Seymour v. Walker, 224 F.3d 542, 549-50

(6th Cir. 2000) (citing Wainwright v. Sykes, 433 U.S. 72, 80, 84-87 (1977)). "Under the procedural default doctrine, a federal court is generally barred from considering an issue of federal law arising from the judgment of a state court if the state judgment rests on a state-law ground that is both independent of the merits of the federal claim and an adequate basis for the state court's decision." Munson v. Kapture, 384 F.3d 310, 313-14 (6th Cir. 2004) (internal quotation marks and alterations omitted). Procedural default occurs when "(1) the petitioner fails to comply with a state procedural rule; (2) the state courts enforce the rule; and (3) the state procedural rule is an adequate and independent state ground for denying review of a federal constitutional claim . . . ." Guilmette v. Howes, 624 F.3d 286, 290 (6th Cir. 2010) (en banc) (quoting Tolliver v. Sheets, 594 F.3d 900, 928 n.11 (6th Cir. 2010)). In considering whether a state procedural rule was applied to bar a federal claim, the reviewing federal court should look to "the last reasoned state court-decision disposing of the claim." Henderson v. Palmer, 730 F.3d 554, 560 (6th Cir. 2013) (quoting Guilmette, 624 F.3d at 291). In addition, there must have been "unambiguous state-court reliance on a procedural default" in order to limit federal court review of the claim. Id. at 561.

In this case, the Petitioner filed a pro se petition for declaratory judgment in Davidson County Circuit Court to challenge TDOC's denial of his application for parole. (Doc. No. 9, Attach. 14). However, the court summarily dismissed the petition because the Petitioner failed to comply with the TPLRA, which requires prisoner litigants to pay all outstanding court fees before filing a subsequent action. (Doc. No. 9, Attach. 17). The Petitioner later filed an identical petition challenging the same denial of parole. (Doc. No. 9, Attach. 9). The court dismissed the second petition on the same basis. (Doc. No. 9, Attach. 11). The Petitioner then filed a notice of appeal to the Tennessee Court of Appeals. (Doc. No. 9, Attach. 12). Like the trial court, the appellate court

11

dismissed the appeal based on the TPLRA due to outstanding court fees. (Doc. No. 9, Attach. 13). In doing so, the Court of Appeals enforced an adequate and independent state procedural rule against the Petitioner. As a result, the parole eligibility claim is now procedurally defaulted in this proceeding. Seymour, 224 F.3d at 549-50.

The Petitioner, however, maintains that the state courts' dismissals based on his failure to pay outstanding fees in previously litigated cases violates his constitutional rights of access to the courts, due process, and equal protection. (Doc. No. 1, PageID #1). In responding to the Petitioner's argument, the Respondent acknowledges that, in Clifton v. Carpenter, 775 F.3d 760 (6th Cir. 2014), a habeas case concerning a revocation of parole, the Sixth Circuit held that the TPLRA could not be considered an adequate and independent state ground for procedural default because it operated to bar a prisoner's access to the courts. (Doc. No. 11 at 11-12)(citing Clifton, 775 F.3d at 767-68).

However, the Respondent also notes that, in Hughes v. Tennessee Board of Probation & Parole, 514 S.W.3d 707, 710 (Tenn. 2017), the Tennessee Supreme Court distinguished Clifton and the right of access to courts in a denial of parole case:

> The Sixth Circuit has recently addressed the constitutionality of section 41-21-812 in Clifton v. Carpenter, 775 F.3d 760, 762 (6th Cir. 2014), and concluded that the statute was unconstitutional as applied in that case. Id. at 768. In Clifton, the petitioner was a parolee whose parole was revoked by the parole board. Id. at 762. When the petitioner attempted to appeal this decision to the chancery court and the Tennessee Court of Appeals, the clerk's offices refused to file the petition because he owed $1,449.15 in prior court costs. Id. Recognizing that the petitioner had a liberty interest at stake in the revocation of parole and asserting that "[a]ccess to the courts cannot be contingent on wealth," the Sixth Circuit found section 41-21-812 unconstitutional as applied. Id. at 767-68. While informative, Clifton is not determinative of the case at bar. As the court in Clifton recognized, the petitioner in that case had a liberty interest at stake in

12

> the revocation of his parole. However, in this case, petitioner was already imprisoned and was requesting early release. "There is a crucial distinction between being deprived of a liberty one has, as in parole, and being denied a conditional liberty that one desires." Greenholtz v. Inmates of Neb. Penal & Corr. Complex, 442 U.S. 1, 9, 99 S. Ct. 2100, 60 L. Ed. 2d 668 (1979). While the revocation of parole involves the removal of a liberty interest, "[t]here is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." Id. at 7, 99 S. Ct. 2100. Therefore, because different interests are at stake in this case than in Clifton, we conclude that Clifton is not controlling and proceed with a comprehensive analysis of petitioner's interests and rights pursuant to the United States and Tennessee Constitutions.

Id. at 713 (footnote omitted).

The Respondent contends that the present case is more analogous to Hughes because Hughes was decided in the context of TBOP's exercise of discretion in denying parole to an eligible applicant, rather than revoking parole after it had been granted (Doc. No. 10 at 12)(citing 514 S.W.3d at 710-11); as explained by the Tennessee Supreme Court in Hughes, revocation of parole implicates a cognizable liberty interest, whereas denial of parole does not. Here, the Petitioner challenges TDOC's determination that he is not eligible for TBOP to consider him for parole. His liberty interest is not unlike the liberty interest at issue in Hughes. The application of the TPLRA under these circumstances is not unconstitutional and provided an adequate and independent basis for the state courts to disallow the Petitioner's state-court challenges to TDOC's decision.

## IV. Conclusion

After conducting a review of the Petitioner's § 2241 petition, and considering the Respondent's answer to the petition, the Court finds that the petition was untimely filed. In addition, the Petitioner fails to allege any legally sufficient reason to excuse his untimeliness. The Court

13

therefore concludes that the Respondent's arguments are well taken, and the petition should be denied as time-barred. Alternatively, each of the Petitioner's grounds for relief are unexhausted. This petition will be dismissed.

An appropriate Order will be entered.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE